RECEIVED
IN ALEXANDRIA, LA
MAY 18 2009
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| ROLAND RANKER (#81108) | DOCKET NO. 09-cv-0038; SEC. P |
|---|---|
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint (42 U.S.C. §1983) filed by Plaintiff Roland Rankin (#81108), pro se and in forma pauperis, on January 8, 2009. Ranker is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC) and is housed at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff complains that a page from his medical records was intentionally placed into the medical records of another inmate, Peter Roy Alfred, who discovered the document and returned it to Plaintiff. Plaintiff names as Defendants: Winn Correctional Center (WCC), Corrections Corporation of America (CCA), Walter Buboltz, Tim Wilkinson, Pat Thomas, John Chris Guillet, Ronald Corkern, and Steven Crews.

## FACTUAL BACKGROUND

Plaintiff alleges that, within the past thirty-five years of incarceration, he has been diagnosed with depression and has received treatment for that illness. Plaintiff alleges that he was approached by Inmate Peter Roy Alfred who informed Plaintiff that

Alfred had received a copy of his medical records from defense counsel in one of Alfred's lawsuits, and within those records was a single page from Plaintiff's medical records. The page contains treatment notes of psychologist Walter Buboltz, Ph.D. pertaining to his examination of Plaintiff on August 22, 2007. Plaintiff attached a copy of the document to his complaint.

Plaintiff alleges that the placement of this document in Peter Alfred's medical file was an intentional act by Dr. Buboltz. Plaintiff alleges that Pat Thomas should double check each medical report to make sure it is placed in the proper inmate's rile. Plaintiff alleges that Ronald Corkern, Steven Crews, and John Chris Guillet intentionally copied the page containing treatment notes related to Plaintiff and intentionally sent the document along with Alfred's documents to Inmate Peter Alfred.

**LAW AND ANALYSIS**

1. Right to Privacy & HIPAA

Plaintiff claims that the defendants violated his right to privacy and violated the Health Insurance Portability and Accountability Act (HIPAA). However, the Fifth Circuit has held that the federal medical-records privacy statute, HIPAA, does not create a private cause of action. Acara v. Banks, 470 F.3d 569, 571 (5th Cir. 2006). Prisoners have no absolute constitutional right in the privacy of their medical records. See Moore v. Mabus, 976 F.2d 268, 271 (5th Cir. 1992) (affirming dismissal of a claim

of violation of the right to privacy in the publication of a prisoner's medical condition).

2. Negligence

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, (1988). Because the deprivation must be intentional, negligent conduct cannot serve as the basis for a §1983 claim. See Jackson v. Procunier, 789 F.2d 307, 310 (5th Cir. 1986)(citing Davidson v. Cannon, 474 U.S. 344 (1986); Daniels v. Williams, 474 U.S. 327 (1986)).

While Plaintiff alleges that Dr. Buboltz and a group of attorneys intentionally placed a single page of his treatment notes in the middle of another inmate's medical file, that allegation is entirely conclusory. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir. 1995).

3. Physical Injury Requirement

Plaintiff seeks compensation for mental and emotional pain and embarrassment. He alleges that he has been subjected to teasing and gossip. He has not alleged any physical injury resulting from the alleged unconstitutional actions of the defendants. 42 U.S.C.

§ 1997e was amended by the Prison Litigation and Reform Act of 1996. Under the current version of the statute, prisoners are barred from recovering monetary damages for mental or emotional injuries "unless there is a prior showing of physical injury." Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than de minimis but need not be significant. See Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar v. Hightower, 112 F.3d 191 (5th Cir. 1997). Plaintiff does not claim to have suffered any physical injury.

4. State actors

Plaintiff names private attorneys as defendants in this suit. However, "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983." See Mills v. Criminal Dist. Court No. 3, 837 F.2d 677, 678 (5th Cir. 1988).

5. Injunctive Relief

Plaintiff seeks a court order directing the defendants to "screen the disclosure of plaintiffs [sic] and other inmates [sic] medical records professionally." To obtain a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the

party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See Planned Parenthood of Houston & Southeast Texas v. Sanchez, 403 F.3d 324, 329 (5th Cir. 2005).[1] Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. Morrow v. Harwell, 768 F.2d 619, 627 (5th Cir. 1985). For the foregoing reasons, Plaintiff cannot show a substantial likelihood that he will prevail on the merits or a substantial threat that he will suffer irreparable injury if the injunction is not granted.

**CONCLUSION**

For the reasons discussed herein, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

---

[1] Then, for a permanent injunction to issue the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See Dresser-Rand Co. v. Virtual Automation Inc., 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted).

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 18th day of May, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE